UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO SANDOVAL,<br><br>            Plaintiff,<br><br>      v.<br><br>M. LOPEZ, et al.,<br><br>            Defendants. | Case No.: 1:23-cv-00248 JLT SKO (PC)<br><br>**ORDER RE RECONSIDERATION OF THE IMMINENT DANGER EXCEPTION FOLLOWING PLAINTIFF'S SUPPLEMENTAL BRIEFING**<br><br>(Doc. 14) |

Plaintiff is proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.      RELEVANT PROCEDURAL BACKGROUND**

On February 23, 2023, the Court issued its Findings and Recommendations to Deny Plaintiff's Application to Proceed In Forma Pauperis. (Doc. 5.)  The Court determined Plaintiff had three "strikes" pursuant to 28 U.S.C. § 1915, and had failed to show he was in imminent danger of serious physical injury, precluding Plaintiff's lawsuit without payment of the $402 filing fee. (*Id*. at 2-3.) Plaintiff was afforded 14 days within which to file any objections to the Court's findings. (*Id*. at 3-4.)

On March 16, 2023, after no objections were filed, District Judge Jennifer L. Thurston issued an Order Adopting Findings and Recommendations to Deny Plaintiff's Application to Proceed In Forma Pauperis. (Doc. 7.)  On that same date, Plaintiff filed a document titled

1  "Request for extension of time to submit Motion for Clarification & objection." (Doc. 8.)

2  On March 23, 2023, the Court issued its Order Regarding Plaintiff's Request for
3  Extension of Time Filed March 16, 2023. (Doc. 9.) The Court partially granted Plaintiff's request,
4  directing him to file, within 30 days of the date of the order, a supplemental brief concerning the
5  imminent danger exception and Plaintiff's claim of an ongoing serious physical injury. (*Id.* at 4.)
6  The Court held in abeyance the deadline directing Plaintiff to pay the $402 filing fee by no later
7  than April 17, 2023, pending consideration of Plaintiff's anticipated supplemental brief. (*Id.*)

8  On April 10, 2023, Plaintiff filed his supplemental brief. (Doc. 14.)  On April 14, 2023,
9  the $402 filing fee was paid on Plaintiff's behalf by Rachelle Marie Lara. (*See* Docket Entry
10 dated 4/14/23 [receipt no. 100000194].)

11 **II.     DISCUSSION**

12       *Plaintiff's Supplemental Filing*

13 Plaintiff's filing is generally unresponsive to the Court's order directing Plaintiff to file a
14 supplemental brief demonstrating his "obstructed lungs [or] airway is a present or ongoing serious
15 physical injury which existed when he filed his complaint on February 18, 2023, and not an
16 unhealed past injury from about two years ago as previously determined by this Court." (*See* Doc.
17 9 at 4.) Plaintiff instead essentially argues the merits of the claims presented in his complaint.[1]

18 The portion of Plaintiff's filing that is relevant to whether he faced imminent danger of
19 serious physical harm at the time he filed his complaint alleges that Plaintiff "continues to suffer
20 from trouble breathing, still coughing, weaking up [sic] coughing, dizziness, lightheaded when
21 exercising or running only one lap." (Doc. 14 at 4.) Plaintiff relies on Exhibit B and C to support
22 his position. (*Id*. at 4-5.)

23 Exhibit B is dated November 30, 2022, and concerns a Pulmonary Function Test
24 performed by Muhammad Ashraf-Alim, M.D. in Bakersfield, California. The test revealed the
25 following findings:

26 //

27

28 [1] The Court will neither summarize nor address the merits of Plaintiff's claims at this time.

2

> Indication: Pulmonary Coccidioidomycosis
>
> Spirometry: Mild obstruction, but patient has variable efforts. Improvement after bronchodilator could be due to improved effort.
>
> Lung Volumes: Normal total lung capacity; increased residual volume likely due to incomplete exhalation.
>
> Diffusion: Patient was unable to perform the DLCO due to persistent cough.
>
> Airway Resistance: Decreased airways resistance, normal conductance.
>
> Interpretation: Possible some obstruction, with improvement after bronchodilator which could be due to reactive airways. Clinical correlation required. The PFT has variable effort.

(Doc. 14 at 9.) Exhibit C consists of two letters, dated June 22, 2020, and September 10, 2022, to the California Department of Corrections and Rehabilitation Office of Legal Affairs on behalf of Plaintiff. (*Id*. at 11-15.) Both letters concern Plaintiff's inability to access and use a TDD phone due to staff misconduct, and neither letter concerns Plaintiff's assertion of ongoing lung obstruction or breathing difficulties that amount to an imminent danger of serious physical harm.[2]

Plaintiff's Exhibit F—a multi-page exhibit—includes a document dated March 12, 2021, and identified as Page 7 of 12 pages, indicating Plaintiff was diagnosed on that date with acute bronchitis. (Doc. 14 at 14 at 25.) It states, in pertinent part, "Bronchitis can be acute or chronic. Acute means the condition comes on quickly and goes away in a short time, usually within 3 to 10 days. Chronic means a condition lasts a long time and often comes back." (*Id*.) The next document is an Emergency Discharge Summary from Adventist Health Bakersfield printed on March 12, 2021. (*Id*. at 26.) That document reads, in relevant part: "Discharge Diagnosis: Acute chest pain; Bronchitis; Cough; History of 2019 novel coronavirus disease (COVID-19)." (*Id*.) Follow up instructions included "Return here if your condition worsens," and there is an indication Plaintiff was prescribed an unknown medication. (*Id*.) The next document comprising Exhibit F is dated April 15, 2021, and is titled "California Correctional Health Care Services Patient Discharge Instructions" and is Page "1 of 15." (*Id.* at 27.) The document reflects

---

[2] Likewise, Exhibits A, D and E were reviewed by the Court, but none concern this issue.

Plaintiff's reason for the visit: "1. Pulmonary coccidioidomycosis; 2. Bronchitis; 3. Coughing; Bronchitis; Coccidioidomycosis; Health care maintenance," and indicates Plaintiff was prescribed a 30-day course of Fluconazole to treat Coccidioidomycosis. (*Id*.) The document is blank under the heading "Recommendations and arrangements for future care." (*Id*.) The final page comprising Exhibit F was printed March 15, 2021, and is identified as "Page 4 of 5" of "ED Physician Notes *Final Report." (*Id*. at 28.) The document reflects an Impression by James A. Cusator, M.D. on March 12, 2021: "No definite pulmonary embolism Left lower lung [indecipherable]bronchial thickening with probable subtle certolobular nodules. This could be associated with bronchitis and endobronchial spread of [indecipherable]. In addition there is left hilar and mediastinal lymphadenopathy. This type of appearance can be seen in infection such as cocci. Short-term interval follow-up with outpatient chest CT after treatment is recommended to ensure that these enlarged mediastinal lymph nodes resolved." (*Id*.) The diagnosis reflected in the document includes "Acute chest pain (Chest pain, unspecified, R07.9); Bronchitis (Bronchitis, not specified as acute or chronic, J40), Cough (Cough, R05), History of 2019 novel coronavirus disease (COVID-19) (Personal history of other infectious and parasitic diseases, Z86.19)." (*Id*.) Plaintiff was prescribed a 5-day course of Azithromycin. (*Id*.)

*Analysis*

Plaintiff's supplement filing does not establish or support a finding that he was facing imminent danger of serious physical injury at the time he filed the complaint in this action.

Most of the relevant exhibits provided by Plaintiff are not close in time to February 18, 2023, the date he filed the complaint in this action. The most recent pertinent medical document is dated November 30, 2022, and reflects a diagnosis of acute bronchitis, a short-term condition; the obstruction was also noted to be "mild" and lung capacity was normal. That exhibit, like others, reflects a bout of non-chronic bronchitis. In sum, Plaintiff has offered nothing to overcome this Court's previous finding of February 23, 2023 (*see* Doc. 9), which confirms that Plaintiff's condition arose at an earlier time and is an unhealed past injury that does not equate to a threatened future injury or ongoing serious injury.

//

### III.     CONCLUSION AND ORDER

For the reasons stated above, the previous findings and recommendations to deny Plaintiff *in forma pauperis* (IFP) status, adopted in full on March 16, 2023, remain unchanged. As the Court has previously determined, Plaintiff is not entitled to IFP status.

Because the filing fee of $402 was paid on Plaintiff's behalf on April 14, 2023, the Court will move on to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a). This Court is one of the busiest district courts in the nation. There are hundreds of *pro se* prisoner complaints awaiting screening and delays are inevitable. Plaintiff's complaint will be screened in due course.

IT IS SO ORDERED.

Dated:   **May 9, 2023**                         /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE