UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO SANDOVAL,<br><br>            Plaintiff,<br><br>   v.<br><br>M. LOPEZ, et al.,<br><br>            Defendants. | Case No.: 1:23-cv-00248 JLT SKO (PC)<br><br>**ORDER REGARDING PLAINTIFF'S MOTIONS FOR CLARIFICATION**<br><br>(Docs. 27 & 29) |

Plaintiff Julio Sandoval is proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's s Eighth Amendment deliberate indifference to serious medical needs claims and failure to protect/threat to safety claims against Defendants Andrade, Cerillo, Felix, Lopez, Miguel, Perez, and William.

## I.     INTRODUCTION

On May 29, 2024, Defendants filed a motion to dismiss Plaintiff's first amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 24.)

On June 12, 2024, Plaintiff filed a document titled "Request for extension of time to submit Opposition to Defendants Answer to plaintiff's complaint." (Doc. 25.) The following day, the Court issued its Order Granting Plaintiff's Request for an Extension of Time Within Which to Oppose the Motion to Dismiss. (Doc. 26.) Plaintiff was directed to file his opposition no later than August 19, 2024. (*Id*. at 2.)

On June 28, 2024, Plaintiff filed a document titled "Motion for Clarification." (Doc. 27.) On July 15, 2024, he filed a document titled "Motion for Clarification and Request for extra pages to opposition brief." (Doc. 29.)

## II.      DISCUSSION

### *Plaintiff's Filing of June 28, 2024 (Doc. 27)*

Plaintiff states the Court's First Screening Order includes a mistake regarding his claim for compensatory damages indicating he seeks the sum of $1,000,000 against each defendant "jointly and severally" for a total of $7,000,000. (Doc. 27.)  Plaintiff also states the screening order mistakenly identified his grievance or appeal as bearing "#0000009351" which should "read as #000000009351." (*Id.*) He contends "[t]hese changes should take place to ensure no discrepancy occur by the Defendants" because "those are the exact [numbers]." (*Id.*)

The Court acknowledges its screening order did not specify that Plaintiff sought $1,000,000 against defendants "jointly and severally" (*see* Doc. 16 at 10). The Court's screening order, however, did not mistakenly recite the grievance or appeal number. The screening order quoted directly from Plaintiff's first amended complaint and recited the number provided by Plaintiff. (*Cf.* Doc. 17 at 4 to Doc. 16 at 10.)  No further action by the Court is required.

### *Plaintiff's Filing of July 15, 2024 (Doc. 29)*

First, Plaintiff advises the Court his address has changed. (Doc. 29.) The Court notes Plaintiff filed a Notice of Change of Address simultaneously with his clarification motion. (*See* Doc. 28.) The docket for this action currently reflects Plaintiff's incarceration at Mule Creek State Prison.

Second, Plaintiff inquires whether he is required to provide a change of address "with each motion" or whether the notice "will be enough." (*Id.*) As noted above, Plaintiff's current address is reflected on the Court's docket and no further action is necessary by Plaintiff.

Third, Plaintiff states he has "not received no letter or response to [his] last letter to the court for relief change and proper appeal number clarification." (*Id.*) The Court has responded to Plaintiff's previous filing as indicated above. Lastly, Plaintiff states: "I would like to ask the court to allow me to add 25 more pages as I need to attach exhibits so facts can not be disputed or

corrupted so easily." (*Id.*) Although Plaintiff fails to identify to what he intends to "add 25 more pages," the Court presumes Plaintiff is referring to his opposition to Defendants' pending motion to dismiss, due no later than August 19, 2024. Plaintiff is advised he is not required to seek the Court's permission to file an opposition exceeding 25 pages. *See, e.g.*, Local Rule 230(l) (no limitation imposed for an opposition to a motion). The 25-page limitation applies to a complaint or amended complaint, unless otherwise indicated by the Court. Because Plaintiff is not filing an amended complaint, no page limitation applies to Plaintiff's anticipated opposition to Defendants' motion to dismiss.

Plaintiff is advised that this Court is one of the busiest district courts in the nation. All judges carry heavy caseloads and delays are inevitable. Plaintiff is advised that the Court will address any requests or motions in due course given its caseload. Requests for extension of time for an impending deadline are given priority, and other requests and motions are resolved as promptly as possible.  Hundreds of prisoner civil rights actions are pending in this Court and delays are inevitable.

### III.    CONCLUSION AND ORDER

For the foregoing reasons, the Court **HEREBY ORDERS** Plaintiff's motions for clarification (Docs. 27 & 29) **RESOLVED**.

IT IS SO ORDERED.

Dated:   **July 17, 2024**                              */s/ Sheila K. Oberto*
                                               UNITED STATES MAGISTRATE JUDGE