UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO SANDOVAL,<br><br>             Plaintiff,<br><br>     v.<br><br>M. LOPEZ, et al.,<br><br>             Defendants. | Case No.: 1:23-cv-00248 JLT SKO (PC)<br><br>**ORDER REGARDING PLAINTIFF'S MOTIONS FOR CLARIFICATION AND MOTION FOR EXTENSION OF TIME**<br><br>(Docs. 33, 34, 35)<br><br>**ORDER DENYING REQUEST FOR THE APPOINTMENT OF COUNSEL** |

Plaintiff Julio Sandoval is proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's s Eighth Amendment deliberate indifference to serious medical needs claims and failure to protect/threat to safety claims against Defendants Andrade, Cerillo, Felix, Lopez, Miguel, Perez, and William.

**I.      INTRODUCTION**

On May 29, 2024, Defendants filed a motion to dismiss Plaintiff's first amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 24.)

On June 12, 2024, Plaintiff filed a document titled "Request for extension of time to submit Opposition to Defendants Answer to plaintiff's complaint." (Doc. 25.) The following day, the Court issued its "Order Granting Plaintiff's Request for an Extension of Time Within Which to Oppose the Motion to Dismiss." (Doc. 26.) Plaintiff was directed to file an opposition no later

1 than August 19, 2024. (*Id*. at 2.)

2 On June 28, 2024, Plaintiff filed a document titled "Motion for Clarification." (Doc. 27.)
3 On July 15, 2024, he filed a document titled "Motion for Clarification and Request for extra
4 pages to opposition brief." (Doc. 29.) On July 18, 2024, the Court issued its "Order Regarding
5 Plaintiff's Motions for Clarification." (Doc. 30.)

6 Plaintiff filed an opposition to Defendants' motion to dismiss on August 12, 2024. (Doc.
7 31.) Defendants filed a reply on August 22, 2024. (Doc. 32.)

8 On September 20, 2024, Plaintiff filed a document titled "Motion for Clarification and
9 Verification." (Doc. 33.) On September 23, 2024, Plaintiff filed a duplicate of that motion. (Doc.
10 34.) On September 30, 2024, Plaintiff filed a document titled "Request for Extension of Time to
11 Submit Motion for Objection and Plaintiff's Reply to Defendants' Opposition to Motion to
12 Dismiss Plaintiff's First Amended Complaint." (Doc. 35.)

13 **II.     DISCUSSION**

14 ***Plaintiff's Filings of September 20 and 23, 2024 (Docs. 33 & 34)***

15 Because the filing of September 23, 2024, is duplicative of that submitted on September
16 20, 2024, the Court summarizes only the first filing.

17 Plaintiff seeks to confirm that the Court received his opposition to the motion to dismiss.
18 (Doc. 33 at 1.) He states he has not received a "reply or papers since then." (*Id*.) Plaintiff
19 contends Defendants "have not served any motions passed 21 days," citing to Rule 5 of the
20 Federal Rules of Civil Procedure. (*Id*.) Plaintiff states that the Court "should proceed forward or
21 grant plaintiff relief as no response has been given to plaintiff." (*Id*.) Plaintiff alleges he "remains
22 under duress with limited access to the Mule Creek State Prison" law library, (*Id*. at 2), and the
23 Court should appoint counsel because his mail is being "mishandled or lost," and he has "very
24 limited access to the Courts" (*Id*). Plaintiff contends "Notice of Default should be granted for
25 failure to follow Federal Rules and plaintiff facing harm and duress." (*Id*.) Plaintiff states
26 Defendants "should be fined if such duress continues of a $150,000 US Dollars forfeiture." (*Id*.)
27 Plaintiff included a copy of a proof of service dated August 8, 2024, indicating he served his
28 "Brief in Opposition" on that date via U.S. Mail. (*Id*. at 4.)

2

1    Plaintiff is advised the Court received and filed his opposition to Defendants' motion to
2 dismiss on August 12, 2024. (Doc. 31.) Plaintiff is further advised that Defendants filed a timely
3 reply on August 22, 2024. (Doc. 32.) The accompanying Proof of Service indicates Plaintiff was
4 served by U.S. Mail at the California Substance Abuse Treatment Facility on that same date. (*Id*.
5 at 6.) It therefore appears that Plaintiff did not receive Defendants' reply to Plaintiff's opposition
6 because Defendants mistakenly served their reply to an inaccurate address for Plaintiff. Plaintiff
7 filed a change of address approximately one month earlier, indicating he has been transferred
8 from the prison facility in Corcoran to the prison facility in Ione. (*See* Doc. 28.) The Court will
9 direct the Clerk of the Court to send Plaintiff a courtesy copy of Defendants' reply brief and
10 encourages Defendants to ensure their future filings are properly directed to Plaintiff's address of
11 record with the Court. There is no basis upon which to find any "default" by Defendants, nor is
12 there any basis upon which this Court would impose monetary sanctions, payable to Plaintiff, for
13 Defendants' error or mistake. Accordingly, Plaintiff's request in that regard will be denied.

14   To the extent Plaintiff contends counsel should be appointed to represent him in this
15 matter, the request will be denied. Plaintiffs do not have a constitutional right to appointed
16 counsel in section 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in
17 part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Nor can the Court require an
18 attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490
19 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the
20 voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

21   Given that the Court has no reasonable method of securing and compensating counsel, the
22 Court will seek volunteer counsel only in extraordinary cases. In determining whether
23 "exceptional circumstances exist, a district court must evaluate both the likelihood of success on
24 the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the
25 complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks &
26 citations omitted).

27   First, the Court must evaluate the likelihood of Plaintiff's success on the merits of his
28 claims. *Rand*, 113 F.3d at 1525. Here, a determination concerning the likelihood of Plaintiff's

3

success on the merits of his claims is premature. Defendants have appeared in this action and have filed a responsive pleading in the form of a motion to dismiss. And preceding the motion to dismiss, following screening, Plaintiff's first amended complaint was found to state cognizable or plausible Eighth Amendment deliberate indifference to serious medical needs claims and failure to protect/threat to safety claims against Defendants Andrade, Cerillo, Felix, Lopez, Miguel, Perez, and William. However, a likelihood of success on the merits determination is not the same as that required at screening; at screening, the Court is tasked with determining whether a plaintiff has sufficiently and plausibly alleged a cause of action or claim entitling the plaintiff to relief. Further, the merits of the allegations are not tested as the Court is to consider factual allegations to be true for purposes of screening. Therefore, a likelihood of success on the merits-based determination has not yet been made because the truth of Plaintiff's claims have not been tested.

The Court must also evaluate Plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. *Rand*, 113 F.3d at 1525. A brief review of the docket for this action and Plaintiff's various filings reveals Plaintiff can articulate his claims in light of their complexity.

Normal challenges faced by pro se litigants do not warrant appointment of counsel. *Siglar v. Hopkins*, 822 F.App'x 610, 612 (9th Cir. 2020) (denying appointment of counsel because the plaintiff's "circumstances were not exceptionally different from the majority of the challenges faced by pro se litigants"). Therefore, limited library access does not justify the appointment of counsel. *See, e.g.*, *Faultry v. Saechao*, No. 2:18-cv-1850 KJM AC P, 2020 WL 2561596, at *2 (E.D. Cal., May 20, 2020) (stating that "[c]ircumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances supporting appointment of counsel"). Nor do assertions that a prisoner's mail is being "mishandled or lost" warrant the appointment of counsel. *See Suarez v. Clark*, No. 1:22-cv-00160-JLT-SAB (PC), 2024 WL 477982, at *1 (E.D. Cal. Jan. 25, 2024) ("the Court has 'repeatedly' held incarceration's challenges on litigation do not constitute an exceptional circumstance. [] If Plaintiff's incarceration was an exceptional circumstance, any prisoner would be entitled to counsel"); *Allen v. Currier*, No. 20-CV-1389 JLS (LR), 2023 WL 2087963, at *3

(S.D. Cal. Feb. 17, 2023) (denying appointment of counsel where plaintiff alleged his mail was delayed or missing and obstructing his access to the court).

Plaintiff is further advised the fact an attorney may be better able to perform research, investigate, and represent Plaintiff during discovery and at trial does not amount to an exceptional circumstance. *Rand*, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony"); *see also Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (same); *Ricks v. Austria*, No. 1:15-cv-01147-BAM (PC), 2016 WL 1734326, at *2 (E.D. Cal. May 2, 2016) (while a pro se litigant may be better served with the assistance of counsel were the case to proceed to trial, the court need not appoint counsel if plaintiff can articulate his claims and exceptional circumstances do not exist).

The test is not whether Plaintiff would benefit from the appointment of counsel; the test is whether exceptional circumstances exist. *See Wilborn*, 789 F.2d at 1331. Here, no exceptional circumstances exist warranting the appointment of counsel, and Plaintiff's request for the appointment of counsel will be denied.

### *Plaintiff's Filing of September 30, 2024 (Doc. 35)*

Plaintiff states he received Defendants' reply to his opposition on September 17, 2024, after it was "addressed to SATF state prison." (Doc. 35 at 1.) Plaintiff contends he needs "60 days to respond to" Defendants' reply because he was not properly served. (*Id*.) He states he "needs to object and file an opposition to false facts mentioned by Defendants, including actions that were not justified in their claims." (*Id*.) Plaintiff complains of "very limited" access to the law library and limited use of the copy machine, and a refusal by prison officials to provide him with manila envelopes. (*Id*.) He states he has had "to use his own stamps and envelopes" despite his indigency. (*Id*.) Plaintiff contends he "remains under duress as access to the courts are being hindered and not given as they claim under Title 15. Including his tablet miraculously turning off and have not fixed it passed a month." (*Id*. at 2.) He states he "needs time to properly construct an opposition to Defendants conceded claims to Plaintiff's claims and show the facts were stipulated

5

1    and Defendants' claim of putting Defendants duty off to another person is invalid, to show

2    deliberate indifferent was made as reckless behavior is deliberate indifference equivalent." (*Id*.)

3    Finally, Plaintiff states: "Fine Defendants for using false argument of plaintiff's witness." (*Id*.)

4        First, although Plaintiff acknowledges late receipt of Defendants' reply to his opposition,

5    out of an abundance of caution, the Court intends to direct the Clerk of the Court to send Plaintiff

6    a copy of Defendants' reply brief for his records. Second, there is no basis upon which to "fine"

7    Defendants "for using false argument of plaintiff's witness." Plaintiff's request in that regard is

8    denied.

9        Next, Plaintiff is reminded he is not proceeding *in forma pauperis* (IFP) in this action.

10   Plaintiff paid the $402 filing fee on April 14, 2023. (*See* Docket Entry dated 4/14/23 [receipt

11   number 100000194].) This Court's order issued May 9, 2023, reconsidered the Court's prior

12   determination that Plaintiff was not entitled to IFP status, and held that its determination remains

13   "unchanged." (Doc. 15.) Thus, Plaintiff is not entitled to envelopes or stamps. *See, e.g.*, *Davis v.*

14   *State of California*, No. 1:18-cv-00832-DAD-BAM (PC), 2020 WL 374434, at *1 (E.D. Cal. Jan.

15   23, 2020) (construing pro se and IFP prisoner's request for order requiring CDCR to provide him

16   with envelopes, stationary, and pens, on the basis he is an indigent pro per inmate to be a motion

17   seeking preliminary injunctive relief, and denying relief because the court lacked jurisdiction over

18   individuals who were not parties to the action). Even assuming Plaintiff was improperly denied

19   envelopes and stamps as an indigent pro se litigant, those claims must be presented in a separate

20   lawsuit for they are unrelated to Plaintiff's claims in this action. Plaintiff is asserting Eighth

21   Amendment claims against the named Defendants, who are or were employed at the Substance

22   Abuse Treatment Facility in Corcoran. Those claims are unrelated to any First Amendment

23   claims concerning mail, stationary, or access to courts arising at Mule Creek State Prison. Nor are

24   any claims concerning Plaintiff's tablet related to the claims in this action. *See, e.g.*, *Leen v.*

25   *Cueva*, No. 2:20-cv-2231-JDP (PC), 2020 WL 8611036, at *1 (E.D. Cal. Dec. 2, 2020)

26   (construing plaintiff's motion to compel prison officials to provide him with indigent envelopes

27   and postage to be a motion for preliminary injunction and finding that "[t]o the extent that his

28   claims are true, the officials withholding his mailing materials appear to be violating his

1 constitutional rights, and he may be entitled to redress by filing a separate 1983 action" asserted
2 against those separate and different officials).

3       Finally, Plaintiff's request for a 60-day extension of time within which to respond to
4 Defendants' reply brief will be denied. This Court's Local Rule 230(*l*) provides for a motion, an
5 opposition, and a reply to be filed in an action. Generally, parties do not have the right to file
6 surreplies, and motions are deemed submitted when the time to reply has expired. *See* Local Rule
7 230(*l*). This Court also views motions for leave to file a surreply with disfavor. *Hill v. England*,
8 2005 WL 3031136, at *1 (E.D. Cal. 2005) (citing *Fedrick v. Mercedes–Benz USA, LLC*, 366 F.
9 Supp. 2d 1190, 1197 (N.D. Ga. 2005)). However, district courts have the discretion to either
10 permit or preclude a surreply. *See U.S. ex rel. Meyer v. Horizon Health Corp*., 565 F.3d 1195,
11 1203 (9th Cir. 2009) (district court did not abuse discretion in refusing to permit "inequitable
12 surreply"); *JG v. Douglas County School Dist*., 552 F.3d 786, 803 n.14 (9th Cir. 2008) (district
13 court did not abuse discretion in denying leave to file surreply where it did not consider new
14 evidence in reply); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (new evidence in reply
15 may not be considered without giving the non-movant an opportunity to respond). And, in this
16 Circuit, courts are required to afford pro se litigants additional leniency. *Wilhelm v. Rotman*, 680
17 F.3d 1113, 1121 (9th Cir. 2012); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). This
18 leniency, however, does not extend to permitting surreplies as a matter of course, and the Court is
19 not generally inclined to permit surreplies absent an articulation of good cause why such leave
20 should be granted.

21       Here, Plaintiff has not established good cause for the Court to grant him leave to file a
22 surreply. Assertions of "false facts," "false arguments," or unjustified claims by Defendants do
23 not warrant a surreply. And Plaintiff does not assert Defendants' reply includes new evidence that
24 might warrant granting Plaintiff leave to file a surreply. Simply put, the Court finds no reason
25 justifying additional briefing concerning Defendants' motion to dismiss. The motion was deemed
26 submitted for decision on August 22, 2024, and findings will be issued in due course without
27 additional briefing.

28

7

### III.  CONCLUSION AND ORDER

For the foregoing reasons, the Court **HEREBY ORDERS** that:

1. Plaintiff's motions for clarification (Docs. 33 & 34) are **RESOLVED**;
2. The Clerk of the Court is **DIRECTED** to provide Plaintiff with a copy of Defendants' reply brief filed August 22, 2024 (Doc. 32) as a one-time courtesy;
3. Plaintiff's request for the appointment of counsel is **DENIED**; and
4. Plaintiff's motion for a 60-day extension of time (Doc. 35) is **DENIED**.

IT IS SO ORDERED.

Dated:  **October 7, 2024**                    /s/ *Sheila K. Oberto*
                                               UNITED STATES MAGISTRATE JUDGE

8