1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    JULIO SANDOVAL,                          Case No.: 1:23-cv-00248-JLT-SKO (PC)

12                    Plaintiff,               **ORDER DENYING PLAINTIFF'S MOTION
                                               FILED FEBRUARY 6, 2025**
13          v.
                                               (Doc. 47)
14    M. LOPEZ, et al.,

15                    Defendants.

16

17          Plaintiff Julio Sandoval is proceeding pro se in this civil rights action brought pursuant to

18    42 U.S.C. § 1983. This action proceeds on Plaintiff's s Eighth Amendment deliberate indifference

19    to serious medical needs claims and failure to protect/threat to safety claims against Defendants

20    Andrade, Cerillo, Felix, Lopez, Miguel, Perez, and William.

21          I.      BACKGROUND

22          On January 8, 2025, District Judge Jennifer L. Thurston issued an Order Adopting

23    Findings and Recommendations, Granting Defendants' Motion to Dismiss With Leave to Amend,

24    and Terminating Plaintiff's Motion for Leave to Amend as Moot. (Doc. 46.) Plaintiff was directed

25    to file a second amended complaint within 60 days. (*Id*. at 2.)

26          On February 6, 2025, Plaintiff filed a document titled "Motion to Request to Add an

27    Additional 38 pages to Second Amended Complaint." (Doc. 47.)

28

## II.    DISCUSSION

Plaintiff seeks to "add an additional 38 pages" to his second amended complaint, asserting the following five bases for his request: (1) he was "refused to respond to Defendant's motion after sent purposefully to the wrong address and plaintiff was left harmed;" (2) the additional pages involve "medical records, prison records and affidavit to support his claims so there is no dispute of facts;" (3) the additional pages "includes 3 breach of contracts which plaintiff does not want to be under duress if not allowed to show 3 contracts existed and to avoid Defendants using a 4 corner rule against plaintiff;" (4) the additional pages include "evidence of the 1st Amendment violation;" and (5) the additional pages support his factual allegations. (Doc. 47.)

Plaintiff states a refusal "to respond to Defendant's motion" supports this request. The Court notes Plaintiff did oppose Defendants' motion to dismiss—his opposition was filed on August 12, 2024. To the extent Plaintiff refers to his delayed receipt of Defendants' reply brief due to an inaccurate mailing address and/or Plaintiff's inability to file a sur-reply, neither is a reason to permit Plaintiff to exceed the 25-page limit for an amended complaint.

Second, "medical records, prison records and affidavit[s]" are not necessary in a complaint or amended complaint. A complaint must contain "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Evidence should not be submitted to the court until this action reaches an appropriate stage in litigation for the submission of evidence, such as in response to a motion for summary judgment, at trial, or when specifically requested by the court. Further, if and when this action reaches an appropriate stage in the litigation for the submission of evidence, Plaintiff will not be able to refer to exhibits attached to his amended or operative complaint as evidence. Evidence must be submitted at the proper time and under the proper procedures. Attaching exhibits to the complaint is not the proper procedure for admitting evidence for the purpose of proving Plaintiff's allegations. As Plaintiff was previously advised, this "Court will not serve as a repository for evidence. The party may not file evidence (prison, disciplinary or medical records, witness affidavits, etc.) with the Court until it becomes necessary to do so in connection with a motion for summary judgment, trial or the Court requests otherwise. … a pro se plaintiff need not attach exhibits to his complaint to prove

the truth of what is said in the complaint." (*See* Doc. 3 at 3 [First Informational Order in Prisoner/Civil Detainee Civil Rights Case].)

Third, Plaintiff's reference to "3 breach of contract[s]" is unclear. Neither the original complaint (Doc. 1) nor the first amended complaint (Doc. 16) asserted such claims. As noted above, this case, brought pursuant to 42 U.S.C. section 1983, involves Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claims and failure to protect/threat to safety claims against Defendants Andrade, Cerillo, Felix, Lopez, Miguel, Perez, and William. Given the factual allegations asserted thus far in this litigation, the Court cannot readily identify how any breach of contract claims would relate to this action. Therefore, Plaintiff is advised to review Rule 18 of the Federal Rules of Civil Procedure prior to amending his complaint to ensure the joinder of any breach of contract claims would be proper.

Fourth, as previously discussed, evidence is not necessary at this stage of the proceedings. Therefore, Plaintiff's request to for additional pages to include "evidence of the 1st Amendment violation" is not a reason to permit Plaintiff to exceed the 25-page limit for an amended complaint.

Fifth, as previously explained in the First Screening Order issued February 21, 2024, "[f]actual allegations are accepted as true, but legal conclusions are not." (*See* Doc. 17 at 3.) Thus, exhibits "to support factual allegations" are unnecessary. Again, exhibits are properly submitted during summary judgment proceedings or during trial, or if expressly ordered by the Court, not in an amended complaint.

## III.    CONCLUSION AND ORDER

For the foregoing reasons, the Court **HEREBY ORDERS** that Plaintiff's motion filed February 6, 2025, (Doc. 47), is **DENIED**.

IT IS SO ORDERED.

Dated:   **February 7, 2025**                    */s/ Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE